March 9, 1908.

————o————

## No. 4342.

## Court of Appeal, Parish of Orleans.

## R. H. MARR VS. PHILIP J. PATORNO.

An appellate court may properly remand a cause whenever it clearly appears that the ends of justice will be promoted thereby.

Appeal from Civil District Court, Division D.

F. E. Rainold, for Plaintiff and Appellee.

P. J. Patorno and Geo. B. Smart, for Defendant and Appellant.

DUFOUR, J. The planitiff, a member of the local bar, sues the defendant, also a member of the local bar, for an amount alleged to be due as compensation for professinal services.

It is averred that Judge Patorno employed Judge Marr to set aside certain forfeited bonds and agreed to pay your petitioner in the event of success a contingent fee of 25 per cent upon the face of the bail bonds, that such services were successfully rendered and petitioner is entitled to the unpaid balance of the fee agreed upon.

On the day of trial below the defendant and his counsel were absent and judgment was rendered in favor of plaintiff.

A motion for a new trial was made and immediately over-ruled without a hearing.

One of its grounds is as follows:

"That the defendant herein had been for more than ten days prior to the trial of this. cause and on the day of trial, actively engaged in the performance of an emergent public duty as a member and chairman of the executive committee of the Italian Vigilance Committee, and, as such, was constantly called out of the city in the performance of his duties as a member of said committee, to which duties he gave his unswerving attention without regard to his personal affairs."

Judges may not properly affect ignorance of matters which startled and shocked a whole community: the abduction of the Lamana child, his subsequent murder, the search made for the guilty parties and the leading part taken in that drama by Judge Patorno belong to the history of our State. The position of a defendant who jeopardized his personal interest in order to discharge a public duty appeals strongly to us, and trivial technicalities may well be brushed aside.

We think that, under the circumstances, it is both our legal privilege and our moral duty to give the defendant an opportunity of being heard. If we approach the case from plaintiff's standpoint, the result must be the same.

The evidence leaves us in doubt as to whether the defendant unconditionally bound himself to pay the fee or whether the payment was to be contingent upon the fact of actual collection from his clients. Hence, the logical judgment would be one of non-suit.

But, in the interest of both parties and to save costs, we have deemed it advisable to remand the cause.

It is, therefore, ordered that the judgment appealed from be reversed and the cause remanded for trial in accordance with the views herein expressed, the evidence now in the record to remain without being reoffered, subject to any legal objection to any part thereof, that both parties may introduce such further competent evidence as they desire, the costs of appeal to be paid by the plaintiff and those of the lower court to await the final determination of the cause.

March 23, 1908.

Rehearing refused April 6, 1908.

Writ refused by Supreme Court May 25, 1908.